ARCHER ET AL., APPELLANTS, *v.* HUNTINGTON NATIONAL BANK, APPELLEE.

(No. 4711—Decided March 7, 1952.)

*Mr. John J. Chester* and *Mr. Robert P. Duncan,* for appellants.

*Messrs. Wright, Harlor, Purpus, Morris & Arnold,* for appellee.

*Per Curiam.* This is an appeal on questions of law

from a judgment of the Common Pleas Court of Franklin County sustaining a general demurrer to plaintiffs' petition and dismissing the action, the plaintiffs having elected not to plead further.

In plaintiffs' petition it is alleged that on February 16, 1937, the plaintiffs employed the defendant bank as agent to sell certain securities owned by the plaintiffs and apply the proceeds toward the liquidation of a loan of the plaintiffs. The defendant proceeded to sell the securities and between February 20, 1937, and March 12, 1937, sold all of them except a block of 1,200 shares of stock of the Buckeye Steel Castings Company. Plaintiffs allege that defendant neglected to sell or attempt to sell the 1,200 shares of stock which it could and should have sold on March 4, 1937, and that defendant sold the stock on November 6, 1930, on a low market. Plaintiffs allege that had the bank sold the stock on March 4, 1937, the plaintiffs would have realized $22,138.55 over and above the amount necessary to pay off said loan with interest in full. Plaintiffs allege further "that by the negligence of defendant in not selling or making any attempt to sell said twelve hundred (1,200) shares of stock of the Buckeye Steel Castings Company on March 4, 1937, when defendant could and should have sold same, they have been damaged in the amount of $22,138.55, for which sum with interest from March 4, 1937, plaintiffs ask judgment against the defendant."

To this petition defendant filed a general demurrer which was sustained on the ground that the right of action accrued on March 4, 1937, and that since more than four years had elapsed before the institution of the action, the action was barred by the statute of limitations applicable to tort actions. Section 11224, General Code.

The action sounds in tort. A cause of action in favor of a principal against an agent based on the negligent act of the agent accrues and the statute of limitation begins to run when the alleged negligent act is committed. The fiduciary relation existing between the parties does not operate to toll the statute of limitations, even though the extent of the damages could not then be determined. In the case at bar, the cause of action accrued March 4, 1937, and was barred by the four-year statute of limitation applicable to tort actions. Section 11224, General Code. This ruling is supported by the case of *Minster Loan & Savings Co.* v. *Laufersweiler,* 67 Ohio App., 375, 36 N. E. (2d), 895 (motion to certify overruled January 15, 1941), which was an action by the corporation against the former officers and directors to recover damages for alleged *ultra vires* and negligent acts. The court held that the action accrued when the negligent acts were committed and this date being more than four years prior to the bringing of the action, the action was barred. The court held this to be the rule, even though the damages may not be discovered until later or the actual injury is subsequent, and could not immediately operate. In support of this rule, the court cited 1 American Jurisprudence, 451, 452, Section 60; *Kerns* v. *Schoonmaker,* 4 Ohio, 331, 22 Am. Dec., 757; and *Williams* v. *Pomeroy Coal Co.,* 37 Ohio St., 583.

Plaintiffs claim they could not determine their damage until the stock was actually sold, and, therefore, the cause of action did not accrue until the stock was sold. This contention is answered by the words used by the Supreme Court of the United States in *Wilcox* v. *Exrs. of Plummer,* 29 U. S. (4 Peters), 172, 7 L. Ed., 821, cited by the court in *Kerns* v. *Schoonmaker,* wherein the Supreme Court said:

''When the attorney was chargeable with negligence, his contract was violated, and the action might have been sustained immediately. Perhaps in that event, no more than nominal damages may be proved, and no more recovered; but, on the other hand, it is perfectly clear, that the proof of actual damage may extend to facts that occur and grow out of the injury, even up to the day of the verdict. If so, it is clear the damage is not the cause of action.''

The plaintiffs rely on the case of *State, ex rel. Lien, Supt. of Banks,* v. *House,* 144 Ohio St., 238, 58 N. E. (2d), 675, which is distinguishable on the facts from the instant case and is not controlling. In the *House case* the court held that under an express trust, the cause of action against the trustee accrued when the trust was terminated. In our opinion this principle of law has no application here.

As we find no error in the record prejudicial to the rights of the plaintiffs, the judgment is affirmed.

*Judgment affirmed.*

HORNBECK, P. J., WISEMAN and MILLER, JJ., concur.