**SOUTHERN OHIO BANK, Executor un-
der the will of Virgil A. DiPerna,
Deceased, Plaintiff-Appellant,**

v.

**MERRILL LYNCH, PIERCE, FENNER
& SMITH, INC., et al., Defendants-
Appellees.**

No. 72–1890.

United States Court of Appeals,
Sixth Circuit.

Argued April 3, 1973.

Decided June 7, 1973.

Philip J. Schneider, Cincinnati, Ohio, on brief, for plaintiff-appellant; Waite, Schindel, Bayless & Schneider, Stanley M. Chesley, Cincinnati, Ohio, of counsel.

William B. O'Neal, Robert T. Keeler, Richard J. Erickson, Cincinnati, Ohio, for appellees; Kilcoyne, O'Neal, Meier & Varnau, Cincinnati, Ohio, on brief.

Before EDWARDS, CELEBREZZE and LIVELY, Circuit Judges.

LIVELY, Circuit Judge.

Plaintiff-appellant is successor executor under the will of Virgil DiPerna who died in 1966, a resident of Ohio. This action was originally filed in the Ohio Court of Common Pleas and was removed by the defendant-appellee, Merrill Lynch, Pierce, Fenner & Smith, Inc., a Delaware corporation. The complaint and amended complaint stated that three days before the death of Virgil DiPerna, his wife, Althea Lowe DiPerna, delivered to the defendant stock certificates in eleven different corporations bearing the forged signature of Virgil DiPerna, together with a document directing transfer of the securities to Mrs. DiPerna. It was alleged that the signature on this document was also forged. It was further alleged that "[D]efendant acted without authority of law, carelessly and negligently, by guaranteeing said forged signatures, although it knew or in the exercise of ordinary care should have known that Virgil A. DiPerna was completely incapable of signing anything; caused the estate to be deprived of its assets . . ." The plaintiff sought damages for the value of the stock represented by the certificates, with interest; and its expenses in establishing the forgeries and unsuccessful efforts to recover from Althea. The defendant filed an answer in the form of a general denial of the material allegations, and a motion for judgment on the pleadings.

Before the district court acted upon the motion for judgment on the pleadings, the plaintiff added all the issurers of the stock and the transfer agents involved in transfer of the stocks to Althea as new parties defendant. This was followed by a second amended complaint in which breach of contract was alleged against the original defendant and the issuers, and breach of express and implied warranties was charged to the transfer agents. One of the issuing corporations filed an answer admitting that it had transferred stock registered in the name of Virgil DiPerna to Althea DiPerna in reliance on the signature guarantee of Merrill Lynch. By a third party complaint it sought indemnification from Merrill Lynch. One of the transfer agents filed a motion to dismiss for improper venue.

The district court granted the motion for judgment on the pleadings, and judgment was entered dismissing the action against Merrill Lynch with prejudice. Thereafter an order was entered dismissing the issuing corporations as "satellites" whose primary action no longer existed and who "had no business in the case in the first place." The transfer agents were dismissed because of the court's doubt that either jurisdiction or proper venue existed as to them.

The judgment of dismissal as to the claims against Merrill Lynch was based on a holding that Chapter 1308 of the Ohio Revised Code (a portion of the Uniform Commercial Code) provides the exclusive remedy for one who claims to have been damaged by a signature guarantee. It was held that Sections 1308.22 and 1308.34 require that an aggrieved owner proceed against the issuing corporation which registers the transfer of a security on the basis of an unauthorized endorsement. In turn, the issuer may recover from the broker who guaranteed the owner's signature if the signature is not genuine. Nowhere in the Code, the district court held, is there a provision for an action by the true owner against the guarantor of a forged signature.

Section 1308.23 of the Ohio Revised Code defines the warranties of one

who guarantees a signature for purposes of transfer, in part as follows:

> § *1308.23* (UCC 8–312) *Effect of guaranteeing signature or indorsement.*
>
> (A) Any person guaranteeing a signature of an indorser of a security warrants that at the time of signing:
>
> (1) the signature was genuine; and
>
> (2) the signer was an appropriate person to indorse, as provided in section 1308.19 of the Revised Code; and
>
> (3) the signer had legal capacity to sign.
>
> But the guarantor does not otherwise warrant the rightfullness of the particular transfer.
>
> \* \* \* \* \* \*
>
> (C) The foregoing warranties are made to any person taking or dealing with the security in reliance on the guarantee and the guarantor is liable to such person for any loss resulting from breach of the warranties.

These warranties were held by the district court to flow from the guarantor to the issuer, not to the owner of the stock. This construction is based on a finding that the owner is not a "person taking or dealing with the security in reliance on the guarantee. . . ." We find this construction of Section 1308.23 to be correct. This section manifestly is concerned with relations between issuers and those whose guarantees are relied upon in making transfers and issuing stock certificates. The term "such person" used in subection (C) of § 1308.23 cannot be held to include the true owner, since he has neither taken nor dealt with the security in reliance on the guarantee. Love v. Pennsylvania Railroad Company, 200 F.Supp. 561 (E.D.Pa. 1961).

■ On appeal it is the contention of appellant that its complaint as amended did state a valid cause of action against Merrill Lynch independent of the provisions of the Uniform Commercial Code. Allegations of negligence and breach of contract do appear in these pleadings. For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment. 2A Moore, Federal Practice, para. 12.15 (1972).

The pleadings charged Merrill Lynch with two separate acts. One was guaranteeing the forged signature of Virgil A. DiPerna on the stock certificates. The other was honoring forged instructions to have the certificates transferred to Althea Lowe DiPerna. From the pleadings it appears that the certificates were endorsed in blank and the instructions for transfer were on a separate sheet, also containing a forged signature, which was filed by the appellant as an exhibit with the complaint. In its answer one of the issuers, General Motors Corporation, stated that it caused shares of its stock to be transferred to Althea at the request of Merrill Lynch.

Whereas § 1308.23 precludes appellant from proceeding on the warranty of the guarantor, §§ 1308.26 and 1308.34 give it the right to proceed against certain purchasers and the issuers for delivery of "a like security." The question to be determined is whether this is an exclusive remedy. The remedy provided by § 1308.34 is equitable, being in the nature of specific performance. It is not difficult to conceive of a situation where a drastic reduction in the price of a security between the time of a wrongful transfer and its discovery would make delivery of a like security less than a complete remedy. In this case appellant chose to sue for damages rather than seek return of the stock.

■ One of the general provisions of the Uniform Commercial Code makes it clear that traditional rights and remedies remain in force unless eliminated

by particular provisions of the Code.[1] The general rule is that a broker who receives securities from a customer for sale or exchange stands in a relationship to the customer of agent or bailee. 12 Am.Jur.2d, Brokers § 113. The securities in this case were purportedly delivered to appellee on behalf of Virgil A. DiPerna and were received as his property with instructions to transfer them. Ohio recognizes rights of action by a principal against his agent for negligence, Salem v. De Witt-Jenkins Realty Co., 113 N.E.2d 918 (Ohio Ct.App. 1952); Archer v. Huntington National Bank, 92 Ohio App. 299, 109 N.E.2d 677 (1952); and by a bailor against his bailee, for negligence or breach of contract, Riggs v. Taylor, 168 Ohio St. 276, 154 N.E.2d 145 (1958); Agricultural Insurance Co. v. Constantine, 144 Ohio St. 275, 58 N.E.2d 658 (1944). There are no provisions of the Code which specifically displace these rights and they continue to supplement its provisions.

The existence of other remedies for the owner is borne out by Comment 2 to § 1308.26, Page's Ohio Revised Code Annotated, Title 13, page 351, which reads as follows:

2. This section deals only with the owner's right to reclaim possession of the security and is not intended to exclude any rights he may have for damages for conversion under the case law. But see RC § 1308.29 [UCC 8-318], which protects innocent brokers and other agents and bailees from liability for conversion.

The traditional rights of action referred to herein are limited, as noted in the Comment, by § 1308.29 [2] which provides a broker with a defense in an action for conversion or for participation in breach of a fiduciary duty, if he acts in good faith, which includes observance of reasonable commercial standards. The actions of Althea Lowe DiPerna, as set forth in the complaint, were clearly a conversion of the property of her husband. Viewed in light of Rule 8(f), Federal Rules of Civil Procedure,[3] the complaint as amended charges Merrill Lynch with participating in this conversion by reason of its negligence and breach of contract. Whether appellant can prove its allegations can only be determined by developing the facts. Also, whether the defense provided by § 1308.-29 will relieve appellee of liability depends upon its satisfaction of the requirements of the section—and this, too, is a question of fact. We conclude that it was error to grant judgment on the pleadings.

Reversed and remanded for further proceedings consistent with the holdings herein.

1. § *1301.03* (UCC 1-103) *Supplementary general principles of law applicable.*
   Unless displaced by the particular provisions of Chapters 1301., 1302., 1303., 1304., 1305., 1306., 1307., 1308., and 1309. of the Revised Code, the principles of law and equity, including the law merchant and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy, or other validating or invalidating cause shall supplement its provisions.

2. § *1308.29* (UCC 8-318) *No conversion by good faith delivery.*

An agent or bailee who in good faith, including observance of reasonable commercial standards if he is in the business of buying, selling, or otherwise dealing with securities, has received securities and sold, pledged, or delivered them according to the instructions of his principal is not liable for conversion or for participation in breach of fiduciary duty although the principal had no right to dispose of them.

3. *(f) Construction of Pleadings.* All pleadings shall be so construed as to do substantial justice.