902 F.2d 1570
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald Benjamin WILLIS, Plaintiff-Appellant,
v.
Raymond E. CAPOTS, Defendant-Appellee.
 No. 89-3802.
 United States Court of Appeals, Sixth Circuit.
 May 15, 1990.
 
 1
 Before KENNEDY and RYAN, Circuit Judges, and JULIAN A. COOK, Chief District Judge.*
 
 ORDER
 
 2
 This pro se Ohio prisoner appeals the district court's judgment dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking declaratory and injunctive relief, Ronald Benjamin Willis complained that the Chairman of the Adult Parole Board and "other unnamed members of the Ohio Parole Board," wrongfully denied him a parole hearing. Specifically, he asserted that he possessed a protected liberty interest in receiving a parole hearing. He further asserted that he was denied a parole hearing without due process of law, and that the defendants' actions constituted cruel and unusual punishment. The district court granted the defendants' motion for judgment on the pleadings and dismissed the complaint, finding that Willis has no guarantee of due process in the parole determination process. Thereafter, Willis filed a motion for reconsideration which the district court denied.
 
 
 4
 Upon review, we affirm the district court's judgment because the defendants are clearly entitled to judgment as a matter of law. See Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 479 F.2d 478, 480 (6th Cir.1973). On review, Willis's allegations must be taken as true and construed in the light most favorable to him. Id.
 
 
 5
 First, Willis has no protected right to a parole hearing. Ohio law does not create a liberty interest in a parole hearing. See State ex rel. Thompson v. Clark, 7 Ohio App.3d 191, 192 (Franklin Cty.1982). Ohio Rev.Code Ann. Sec. 2967.03 is purely discretionary and neither creates an expectation of parole nor guarantees due process in the parole determination process.
 
 
 6
 Second, Willis cannot succeed on his claim that he has a constitutionally-protected interest in receiving due process before being denied a parole hearing. Ohio Admin.Code Sec. 5120:1-1-10 is not itself a liberty interest entitled to constitutional due process protection but rather is a procedural device to guide parole release determinations pursuant to Ohio Rev.Code Ann. Sec. 2967.03. Moreover, "an expectation of receiving process is not, without more, a liberty interest protected by the Due Process Clause." See Olim v. Wakinekona, 461 U.S. 238, 250 n. 12 (1983).
 
 
 7
 Third, judgment on the pleadings was proper insofar as Willis asserted that the defendants violated his constitutional right to equal protection. Essentially, Willis asserted that the "experimental Parole Risk Guidelines" employ discriminatory criteria for determining eligibility for release. However, Willis admits that these guidelines were not applied to him. Consequently, the defendants were entitled to judgment on the pleadings as to this claim.
 
 
 8
 Lastly, we conclude that the decision to postpone Willis's parole hearing indefinitely does not constitute cruel and unusual punishment.
 
 
 9
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julian A. Cook, Chief U.S. District Judge for the Eastern District of Michigan, sitting by designation