954 F.2d 725
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Glen L. SWARTZ, Plaintiff-Appellant,
v.
Robert HURT, Deputy Warden; Doug Richardson, Unit Manager,
Defendants-Appellees.
 No. 91-3756.
 United States Court of Appeals, Sixth Circuit.
 Feb. 10, 1992.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Glen L. Swartz, a pro se Ohio prisoner, appeals the district court's order dismissing, with prejudice, a civil rights action that he filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Swartz filed his civil rights complaint against the Deputy Warden of Operations at the Orient Correctional Institute (OCI), and an OCI Unit Manager, alleging that his constitutional rights under the Eighth and Fourteenth Amendments were violated when he slipped and fell in a dormitory at OCI. Swartz's fall was allegedly caused by water collecting on the dormitory floor due to a leaking heater. According to Swartz, the defendants had been aware for a number of months that the heater leaked and that this created a dangerous situation, but that the defendants nevertheless persistently refused to repair the heater. He alleged that he was told he suffered some damage to unspecified tendons, ligaments and muscles. He was also informed that he may have pinched a disk when he fell. Swartz sought declaratory, injunctive and monetary relief. He did not indicate in his complaint whether the defendants were being sued personally or in their official capacity as state employees.
 
 
 3
 The district court granted the defendants' motion for judgment on the pleadings and dismissed the complaint, finding that the defendants were, at most, negligent in failing to repair the heater, and that such negligence did not create a cause of action under § 1983.
 
 
 4
 Upon review, we affirm the district court's order because the defendants are clearly entitled to judgment as a matter of law. See Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 479 F.2d 478, 480 (6th Cir.1973). On review, Swartz's allegations must be taken as true and construed in the light most favorable to him. Id.
 
 
 5
 Swartz's due process claim is without merit as the Eighth Amendment is the principal source of rights against the wanton infliction of pain upon prisoners. See Whitley v. Albers, 475 U.S. 312, 327 (1986). Moreover, Swartz does not state a claim under the Eighth Amendment as he has failed to demonstrate that the defendants were deliberately indifferent to his need for safety. See Whitley, 475 U.S. at 321-22; McGhee v. Foltz, 852 F.2d 876, 881 (6th Cir.1988). At best, Swartz has merely alleged the existence of unsafe living conditions and the negligence of the defendants in exposing him to injury. Negligence will not support a claim under § 1983. See Davidson v. Cannon, 474 U.S. 344, 347-48 (1986); McGhee, 852 F.2d at 881. However, Swartz has a state forum available to him under the Ohio Tort Claims Act, Ohio Rev.Code § 2743.01, et seq.
 
 
 6
 Finally, judgment on the pleadings is proper to the extent Swartz sought monetary damages against the defendants. Under the Eleventh Amendment, state employees are immune from damages when a § 1983 action is brought against them in their official capacity. See Wells v. Brown, 891 F.2d 591, 592 (6th Cir.1989). It appears that the defendants in the instant case were being sued in their official capacity because the complaint does not indicate that they are being sued personally. See Id. at 592. They are therefore not even subject to suit for monetary damages under 42 U.S.C. § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).
 
 
 7
 For the foregoing reasons, the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.