Mourad K. LAICHEV, et al., Plaintiffs,

v.

JBM, INC., Defendant.

No. 1:07cv802.

United States District Court,
S.D. Ohio,
Western Division.

June 19, 2008.

James P. Langendorf, Middletown, OH, Dan Charles Getman, Getman & Sweeney PLLC, New Paltz, NY, for Plaintiffs.

Gregory Arthur Ruehlmann, Scott A. Kane, Squire Sanders & Dempsey, Cincinnati, OH, Jill S. Kirila, Meghan E. Hill, Susan M. Dimickele, Squire Sanders & Dempsey, Columbus, OH, for Defendant.

## *ORDER*

MICHAEL R. BARRETT, District Judge.

This matter is before the Court on the Plaintiffs' Motion for Order Approving the Case as a Collective and Class Action (Doc. 26). Defendant filed a memorandum in opposition (Doc. 32) to which Plaintiffs replied

(Doc. 44). Plaintiffs request the Court to approve the mailing of the collective action Notice, certify the class, appoint class counsel, and direct Defendant to produce the names and addresses of any and all putative class and collective action members.

Defendant also filed a Motion for Judgment on the Pleadings for Plaintiffs' Second Cause of Action (Doc. 31), Plaintiffs responded (Doc. 40) to which Defendant replied (Doc. 43). Finally, Defendant filed a motion for oral argument (Doc. 45).

## I. FACTS

Plaintiffs bring this action alleging violations of the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act, specifically, Ohio Revised Code § 4111.03 and § 4111.10 ("OMFWSA"). Plaintiffs and the proposed classes are technicians who install and repair DirecTV hardware who allegedly did not receive overtime pay despite working more than forty hours a week. Specifically, Plaintiffs propose a collective action for technicians of JBM, Inc. ("JBM") located in various states under the FLSA and a Fed.R.Civ.P. 23 class action under the OMFWSA for technicians who worked in Ohio.

The proposed collective action class definition is "all technicians who have worked for JBM between September 22, 2005 and the date of final judgment in this matter in a non-supervisory capacity." The Rule 23 class definition is "all technicians who have worked for JBM in Ohio between September 22, 2005 and the date of final judgment in this matter in a non-supervisory capacity."

Defendant denies these allegations and has moved for judgment on the pleadings as to the second cause of action, Rule 23 class action based on the Ohio minimum Fair Wages Standards Act. This motion will be addressed first.

## II. ANALYSIS

### A. Motion for Judgment on the Pleadings

■ A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) attacks the sufficiency of the pleadings and is evaluated under the same standard as a motion to dismiss. *Thomas v. Gee*, 850 F.Supp. 665, 668 (S.D.Ohio 1994), *citing, Amersbach v. City of Cleveland*, 598 F.2d 1033, 1038 (6th Cir.1979). In ruling upon such motion, the Court must accept as true all well-pleaded material allegations of the pleadings of the opposing party, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment. *Id., citing, Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir.1973). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007) (citations omitted).

JBM argues Ohio Revised Code § 4111.14(K) provides for an opt-in class mechanism for class actions and that Fed. R.Civ.P. 23 provides for an opt-out class mechanism thereby creating a class that cannot be maintained relying on *Williams v. Le Chaperon Rouge*, 2007 U.S. Dist. LEXIS 95510 (N.D.Ohio 2007) or, in the alternative, creating an inherit conflict. Plaintiff counters that numerous courts, including this District, have found to the contrary, that opt-in and opt-out classes may be maintained in the same litigation. Plaintiff further counters that O.R.C. § 4111.14(K) applies to minimum wage and not overtime which is governed by O.R.C. § 4111.10. Finally, Plaintiff counters that O.R.C. § 4111.14(K)(3) specifically provides that the opt-in classes can be joined in a single action with opt-out classes.

O.R.C. § 4111.14(K) specifically states, in relevant part, "[i]n accordance with Section 34a of Article II, Ohio Constitution, an action for equitable and monetary relief may be brought against an employer ... for any violation of Section 34a of Article II, Ohio Constitution ...". It goes on to state, at § 4111.14(K)(2), that "[n]o employee shall join as a party plaintiff in any civil action that is brought under division (K) of this section ... unless that employee first gives written consent to become such a party plain-

tiff." Finally, § 4111.14(K)(3) states "[a] civil action regarding an alleged violation of this section shall be maintained only under division (K) of this section. This division does not preclude the joinder in a single civil action under this division and an action under section 4111.10 of the Revised Code." Thus, based upon the language of the statute, § 4111.14 only applies to actions brought under that particular section of the code, which is limited to implementing Section 34 of Article II, Ohio Constitution. It does not apply to O.R.C. § 4111.10 which provides for damages for violations of O.R.C. § 4111.03, a section of the code that provides for overtime pay. Furthermore, since § 4111.10 does not include a consent provision like § 4111.14(K)(2), Plaintiff may maintain a class action for violations of § 4111.10 under Fed.R.Civ.P. 23.

Although on its face it would appear that this opinion is in direct conflict with Judge Aldrich's holding in *Williams v. Le Chaperon Rouge*, 2007 WL 4521492, 2007 U.S. Dist. LEXIS 95510 (N.D.Ohio Dec. 17, 2007), when viewed more closely it is apparent that *Williams* is distinguishable from the present matter. In *Williams*, the Plaintiff moved for Rule 23 "class certification of her state law claim under the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111.01–99." *Id.* at *1, 2007 U.S. Dist. LEXIS 95510, at *1. Judge Aldrich found that O.R.C. § 4111.14(K)(2) required an opt-in class which thereby conflicted with the opt-out provisions of Rule 23. Relying on support from the FLSA, Judge Aldrich found that the opt-in approach precluded a plaintiff from bringing a Rule 23 class action under OMFWSA. *Id.* at *3, 2007 U.S. Dist. LEXIS 95510, at *7. This opinion does not disagree with that holding. However, *Williams* is distinguishable as it was brought under O.R.C. §§ 4111.01–99 which thereby includes O.R.C. § 4111.14. Whereas in the present matter, Plaintiffs specifically limited their claims to violations of O.R.C. § 4111.03 and § 4111.10. Obviously, the drafters of the OMFWSA knew how to limit a civil action to an opt-in class and must have then specifically choose not to do so in drafting O.R.C. § 4111.10.

In the alternative, Defendant argues that by allowing a collective action under the FLSA and a class action pursuant to Rule 23 that an inherent conflict will arise as Plaintiffs would have both an opt-in class and an opt-out class, assuming the Court grants Plaintiffs' motion to certify. Both Plaintiffs and Defendant cite to numerous cases to support their respective arguments. It is clear that there is authority to support either position. See. Doc. 43, p6–8; Doc 40, p2–4. Although having both an opt-in class and an opt-out class in one litigation is not an ideal situation, this Court finds that maintaining two separate class actions in two different courts, State Court and Federal Court, would create more confusion and conflict among prospective class members. According to the Amended Complaint, the collective action would include technicians employed in various states while the class action would be limited to only technicians employed in Ohio. Therefore, the number of technicians who are at the most risk of confusion is limited to a manageable number, i.e., only those who are employed by Defendant in Ohio. The Court finds, based upon the specific facts of this case, that maintaining both classes in this litigation is the better approach. Therefore, the Court finds that Defendant's motion to dismiss lacks merit.

**B. Motion for Order Approving the Case as a Collective and Class Action**

Plaintiffs filed a motion requesting conditional certification of a collective action pursuant to Section 216(b) of the FLSA and class certification under Fed.R.Civ.P. Rule 23(a) and (b)(3) for violations of O.R.C. § 4111.03.

**1. Collective Action**

Section 216(b) provides, in relevant part, the following:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the

provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). Sections 206 and 207 require employers to pay employees minimum wage for up to 40 hours per week and overtime at time and one-half for hours in excess of 40 hours.

In order to proceed as a "collective action" pursuant to § 216(b), Plaintiffs must demonstrate that they are "similarly situated" to the employees they seek to notify of this suit. In order to determine whether Plaintiffs have made this showing, the Court will follow the "two-stage class certification method" generally employed by district courts in the Sixth Circuit. *See Harrison v. McDonald's Corp.*, 411 F.Supp.2d 862, 864 (S.D.Ohio 2005); *Musarra v. Digital Dish, Inc.*, 2008 WL 818692, *2 (S.D.Ohio 2008); *Olivo v. GMAC Mortg. Corp.*, 374 F.Supp.2d 545, 547 (E.D.Mich.2004); *White v. MPW Industrial Services, Inc.*, 236 F.R.D. 363, 366 (E.D.Tenn.2006)("Although some courts have recognized the use of other tests for determining whether Plaintiffs and putative plaintiffs are similarly situated for purposes of § 216(b), the greater weight of authority suggests that a two-step analysis is the proper test"). In *Olivo*, the court explained the first stage of this two-stage method as follows:

> Under the first step of the two-stage method, the Court determines whether Plaintiffs have demonstrated other "similarly situated" putative plaintiffs for "notice" purposes. With this step, "[a] named plaintiff can show that the potential claimants are similarly situated 'by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'"

*Olivo, supra* at 547–548 (internal citations omitted). Once Plaintiffs are able to make the first step, the Court will authorize Plaintiffs to proceed with this action as a "collective action" and will allow Plaintiffs to notify putative class members of the pendency of this suit. This initial authorization is called a "conditional certification," a certification conditioned upon Plaintiffs being able to satisfy the second step of the two-stage approach.[1] *See Olivo*, 374 F.Supp.2d at 547–48.

The initial standard is fairly lenient, and in order to meet this standard, Plaintiffs must simply show that their positions are similar, not identical, to the positions held by the putative class members. *Harrison, supra* at 865 *citing Pritchard v. Dent Wizard Intern. Corp.*, 210 F.R.D. 591, 595 (S.D.Ohio 2002). There is, however, a lack of controlling precedent for determining whether a plaintiff has met this standard. The Sixth Circuit has yet to rule on this issue and other courts are split as to what is necessary to meet Plaintiffs' burden of a "modest showing." Some courts have held that a plaintiff can meet this burden by simply alleging class-wide violations of FLSA in the complaint. *See Sniffen v. Spectrum Indus. Serv.*, 2007 WL 1341772, at *2, 2007 U.S. Dist. LEXIS 35206, at *4 (S.D.Ohio February 13, 2007) *citing Pritchard*, 210 F.R.D. at 595. Others, have applied a more demanding

---

1. During the second step of the two stage process, which follows the close of discovery, Defendant has the opportunity to file a motion challenging the initial determination of a "collective action." The Court then applies a stricter standard to determine whether the putative class of plaintiffs are "similarly situated" to the named Plaintiffs. *Olivo*, 374 F.Supp.2d at 548 n. 2. If the putative class of plaintiffs are not similarly situated, the Court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The original named plaintiffs then proceed to trial on their individual claims.

test that requires a factual showing above what is alleged in the complaint, such as, identifying potential plaintiffs, submitting affidavits of potential plaintiffs or presenting evidence of a widespread discriminatory plan. *Id.* Here, the Plaintiffs have met their burden under either standard.

Plaintiffs assert that they have made this showing by alleging class-wide violations of the FLSA in their Complaint and by way of the declarations of Mourad Laichev, (Doc. 26, Exh. A), Eugene Leybman (Doc. 26, Exh. B), Dennis Painter (Doc. 26, Exh. K)[2], Anthony Payne (Doc. 26, Exh. L), and Heather Harding (Doc. 44, Exh. M). Plaintiffs assert that all technicians have, in essence, the same duties and that they were denied overtime pay.

Defendant asserts that the Plaintiffs have failed to show that they are similarly situated to the putative class, that they have not consistently identified the putative class, that the affidavits are not sufficient to support conditional certification and that they have not plead the existence of a widespread unlawful policy (See Doc. 32).

The underlying facts of this case and the arguments made by counsel here are very similar to those in *Musarra v. Digital Dish, Inc.,* 2008 WL 818692 (S.D.Ohio 2008). Judge Marbley, in *Musarra,* rejected the arguments of the Defendant and found that the Plaintiffs "clearly define[d] the proposed class and their declarations in support claim first-hand knowledge of illegal practices being imposed upon technicians from multiple facilities." For the same reasons set forth in *Musarra,* this Court agrees.

■ The declaration of Heather Harding (Doc. 44, Exh. M) sufficiently states that she worked in the call center for JBM, that the call center coordinated the work of technicians in Ohio, Indiana, Kentucky, Iowa and Illinois, and that everyone, including JBM knew that the technicians worked over forty hours per week. (See ¶¶ 3, 6). Additionally, Ms. Harding states that technicians would complain to the Head Area Technician ("HAT") about having to work overtime without getting paid for it and that the HAT would respond that "If you don't do it, I'll mark you down as quitting." (Id., ¶ 8). Finally, Ms. Harding states that electronic records were kept by JBM of the technicians start times and end times each day, as well as additional information, which demonstrates JBM's knowledge of the hours worked by its technicians. (Id.¶¶ 11, 13). This declaration, along with the ones filed by the technicians, shows that although the Defendant had one policy on paper it acted upon another. Based upon the foregoing and the lenient standard before the Court, the Court finds that Plaintiffs have provided sufficient evidence to meet their burden of conditionally certifying the class.

### 2. Class Action

■ The party seeking class certification bears the burden of proof to establish that class certification is appropriate. *In re American Med. Sys., Inc.,* 75 F.3d 1069, 1079 (6th Cir.1996). Under Rule 23, the prerequisites to maintaining a class action are that:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). These factors are normally referred to as numerosity, commonality, typicality, and adequacy of representation. A class must meet all of these prerequisites plus one of those listed in Federal Rule of Civil Procedure 23(b) to be certified. *Amchem Prods., Inc.,* 521 U.S. 591, 614, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997); *Sprague v. General Motors Corp.,* 133 F.3d 388, 397 (6th Cir.1998). In this analysis, a court must not inquire into the merits of the underlying claims of the class representative. *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 178, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). In addition,

---

**2.** Defendant moves to strike the declaration of Dennis Painter. Since Mr. Painter is not a prospective plaintiff, employee, or former employee of JBM, the Court did not give this declaration any consideration in this opinion.

a court should accept as true the plaintiff's allegations in the complaint. *McGee v. East Ohio Gas Co.*, 200 F.R.D. 382, 387 (S.D.Ohio 2001), *citing Shelter Realty Corp. v. Allied Maint. Corp.*, 574 F.2d 656, 661 n. 15 (2d Cir.1978); *Blackie v. Barrack*, 524 F.2d 891, 901 n. 17 (9th Cir. 1975); *Mayo v. Sears, Roebuck & Co.*, 148 F.R.D. 576, 579 (S.D.Ohio 1993).

■ However, before delving into the "rigorous analysis" required by Rule 23, a court should first consider whether a precisely defined class exists and whether the named plaintiffs are members of the putative class. *Bentley v. Honeywell Intern., Inc.*, 223 F.R.D. 471, 477 (S.D.Ohio 2004).

### a. Class Definition

■ While class definitions are obviously individualized to the given case, important elements of defining a class include: (1) specifying a particular group at a particular time and location who were harmed in a particular way; and (2) defining the class such that a court can ascertain its membership in some objective manner. *McGee*, 200 F.R.D. at 387, *citing Crosby v. Social Sec. Admin.*, 796 F.2d 576, 580 (1st Cir.1986). Plaintiffs have defined the class as follows: "All technicians who have worked for JBM in Ohio between September 22, 2005 and the date of final judgment in this matter in a non-supervisory capacity."

The Court finds that the class definition proposed by Plaintiffs is sufficient. The Court is able to identify membership in the class through employment records of JBM and can specify the group by a particular time, September 22, 2005 through final judgment, and location, state of Ohio.

### b. Requirements of Rule 23(a)

Plaintiffs argue that all the requirements of Rule 23(a) of the Federal Rules of Civil Procedure have been satisfied. Defendant argues that Plaintiffs can not meet the requirements and that it should be entitled to discovery to challenge the Rule 23 class certification. The Court does not find that such discovery is necessary for Defendant as the burden to meet the requirements for class certification falls on Plaintiffs. If Plaintiffs can make that showing without discovery then there is no need to hold off on this decision pending Defendant's discovery.

### (i). Numerosity

■ A proposed class will satisfy the numerosity requirement only when joinder is impracticable. *In Re American Medical Systems, Inc.*, 75 F.3d at 1079; *Day v. NLO, Inc.*, 144 F.R.D. 330, 333 (S.D.Ohio 1992) (explaining that plaintiff need not demonstrate that it would be impossible to join all the class members; rather, he need simply show that joinder would be difficult and inconvenient). While an unsubstantiated guess at the number of potential class members is not enough to meet the requirement, there is no strict numerical test for determining if the number of a proposed class is substantial. *Golden v. City of Columbus*, 404 F.3d 950, 966 (6th Cir.2005); *Daffin v. Ford Motor Company*, 458 F.3d 549, 552 (6th Cir.2006) (holding that proposed class of thousands satisfied the numerosity requirement); *Basile v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 105 F.R.D. 506 (S.D.Ohio 1985) (holding that a class of 23 members was substantial enough to meet the numerosity requirement).

■ Plaintiffs' putative class includes those technicians who worked for JBM in a non-supervisory capacity in Ohio between September 22, 2005 and the date of final judgment in this matter. However, Plaintiffs can not state exactly how many members are in this class as no discovery as been done on this issue. What Plaintiffs can attest to is that there are approximately 45–50 technicians at a time who worked in Ohio out of the Florence, Kentucky office and approximately the same amount out of the Wilmington, Ohio office. These numbers do not include an adjustment for turnover rates or the technicians from the Columbus or Cleveland offices. See Doc. 26, Exh. A, ¶ 22; Exh. B, ¶ 22, Exh. L, ¶ 21.

Looking at the facts of this specific case, the joinder of at least 90 individual lawsuits, but which could be as many as four or five times that amount, if not more, would be impractical. In addition, JBM does not dis-

pute the Rule 23 numerosity factor. See Doc. 32, FN 14. Based on the foregoing, the Court finds that Plaintiffs have met the numerosity requirement.

### (ii). Commonality

■ The commonality requirement of Rule 23(a) is met when "[i]t is unlikely that differences in the factual background of each claim will affect the outcome of the legal issue." *Bacon v. Honda of America Mfg., Inc.*, 370 F.3d 565, 570 (6th Cir.2004), *citing Califano v. Yamasaki*, 442 U.S. 682, 701, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979). Although the rule refers to common questions of fact or law in the plural, there only needs to be one common issue. *Alkire v. Irving*, 330 F.3d, 802, 820 (6th Cir.2003), *citing Sprague v. General Motors Corp.*, 133 F.3d 388, 397 (6th Cir.1998). Commonality exists "as long as the members of the class have allegedly been affected by a general policy of the defendant, and the general policy is the focus of the litigation." *Day v. NLO, Inc.*, 144 F.R.D. 330, 333 (S.D.Ohio 1992) (quotation omitted).

■ Plaintiff asserts that common issues include the failure of defendant to pay overtime wages to the class and the defendant's payroll practice with respect to overtime. Defendant argues the Plaintiffs do not meet the commonality requirement because the reasons each employee did not truthfully record his or her hours will require individual examination and will likely differ. In addition, Defendant argues that the fact finder will have to determine for each and every Plaintiff: (1) how many hours he worked in each week; (2) the number of hours actually recorded; (3) why the employee did not follow the company's written policy; (4) whether defendant knew or should have known the employee was working overtime; (5) what the employee did during each workday; and (6) the effect of the difference on the employee's pay. However "the mere fact that questions peculiar to each individual member of the class remain after the common questions of the defendant's liability have been resolved does not dictate the conclusion that a class action is impermissible." *Sterling v. Velsicol Chemical Corp.*, 855 F.2d 1188, 1197

(6th Cir.1988). Furthermore, the Court finds that much of the individualized information can be obtained from the records of JBM. As set forth in the declaration of Heather Harding, JBM did track the actual hours that technicians worked on their computer system. (See Doc. 44, Exh. M, ¶ 11). According to Ms. Harding, the computer system tracked the time technicians checked in with the call center, when they were en route to jobs, the time of arrival at each job and the departure time for each job. In addition, the system tracked when a technician was at the first job of the day and when the last job was closed out. Id., ¶ 13.

Based on the foregoing, the Court finds that Plaintiffs have met the commonality requirement.

### (iii). Typicality

■ Rule 23(a) requires that the class representative's claims be typical of the class members. F.R.C.P. 23(a)(3). The typicality requirement will be met if there is a sufficient relationship between the injury to the named plaintiff and the conduct affecting the proposed class. *Stout v. J.D. Byrider*, 228 F.3d 709, 717 (6th Cir.2000), *citing Sprague*, 133 F.3d at 339. In other words, in order to satisfy typicality and for a class representative to adequately represent the class, in proving his or her own claims, a representative must be able to advance the interests of the other class members. *Sprague*, 133 F.3d at 399 ("The premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class."). "Typicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct." *Id., quoting American Med. Sys.*, 75 F.3d at 1082.

Plaintiffs and Defendant both make the same arguments as to the typicality requirement as set forth above regarding the commonality requirement. "When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective

of varying fact patterns which underlie individual claims." 1 Herbert B. Newberg & Alba Conte, Newberg on Class Actions § 3.13 (3d ed.1992). Similarly, "[t]he putative class members claims may differ in the amount of damages due to each individual, but that feature alone is not fatal to a finding of typicality." *Bentley v. Honeywell Intern., Inc.,* 223 F.R.D. 471, 484 (S.D.Ohio 2004), *citing Olden v. LaFarge Corp.,* 203 F.R.D. 254, 270 (E.D.Mich.2001).

Based on the foregoing, the Court finds that Plaintiff has met the typicality requirement.

(iv). Adequacy

■■■ The final requirement of Rule 23(a) is that the class representative will adequately represent the interests of absent class members. F.R.C.P. 23(a)(4). This requirement protects the due process rights of absent class members because a final decision is binding on all members. *In Re American Medical Systems, Inc.,* 75 F.3d at 1083, citing *Hansberry v. Lee,* 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940). The Sixth Circuit has set forth two criteria for determining adequacy of a class representative: (1) the representative must share common interests with unnamed class members, and (2) it must be apparent that the class representative will vigorously represent those common interests through qualified counsel. *Id., citing Senter v. General Motors Corp.,* 532 F.2d 511, 525 (6th Cir.1976).

Defendant argues that Plaintiffs cannot adequately protect the interests of the class and this Court should not rely on the Plaintiffs' "conclusory affidavits to support the allegation that their interests are not antagonistic to other technicians' interest." Doc. 32, p26. Defendant argues that discovery is necessary to ascertain "the independent nature of a technician's daily work and lack of supervision in the field." Id. Defendant has not cited any caselaw to support these arguments and does not appear to be challenging the qualifications of Plaintiffs' counsel. Despite Defendant's assertion, the Court does not find that discovery is necessary on this issue. Defendant is fully aware of the activities of its technicians and what supervision

exists. The Court finds that the affidavits presented by Plaintiffs adequately meet the standard.

Based on the foregoing, the Court finds that Plaintiffs have met the adequacy requirement.

c. Requirements of Rule 23(b)(3)

Because the Court has found Plaintiffs' putative class to be adequately defined and to have fulfilled the prerequisites of Rule 23(a), it must now determine whether the proposed class satisfies the additional requirements of Rule 23(b). Plaintiff argues that the class satisfies the requirements of certification under Rules 23(b)(3).

Rule 23(b)(3) permits class certification where "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3).

Rule 23(b)(3) permits certification where a class suit "may nevertheless be convenient and desirable." *Amchem Products,* 521 U.S. at 615, 117 S.Ct. 2231, *quoting* Adv. Comm. Notes. To qualify for certification under Rule 23(b)(3), a class must meet two requirements beyond the Rule 23(a) prerequisites: common questions must predominate over any questions affecting only individual members; and class resolution must be superior to other available methods for the fair and efficient adjudication of the controversy. *Id.*

Defendant argues that certification is not appropriate under Rule 23(b)(3) because there are too many individual questions and a class action is not a superior method of adjudication. Defendant also argues that fairness dictate that discovery be permitted. The Court finds that there are clearly common questions that exist, including whether the defendant failed to pay overtime wages to the class and how the defendant's payroll practice was instituted with respect to overtime. Plaintiffs allege a common course of conduct by Defendant which has led to the alleged harm to the class members. In addition, as this Court has recognized, many

courts, including the Sixth Circuit, have held that variations in potential damages awards will not defeat class certification. *Bentley*, 223 F.R.D. at 487; *see also Olden*, 383 F.3d at 508–509 (noting that the issue of liability can be bifurcated from issue of damages; and if liability is found, issue of damages can be decided by special matter or by another method). Therefore, the Court concludes that common questions predominate over any questions affecting only individual members.

■ To determine superiority, Rule 23(b) sets out nonexhaustive list factors to consider:

(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed.R.Civ.P. 23(b)(3)(A)-(D). Although each potential class member has sustained an alleged loss, the costs of pursuing the matter significantly impairs the ability of individual plaintiffs to proceed on a case-by-case basis. The Court finds that this weighs against any interest of members of the class to individually control the prosecution of this action. It would not be efficient to have multiple trials to hear the same evidence and decide the same issues. Clearly, a Rule 23(b)(3) class could properly be certified under these circumstances. Therefore, the Court finds that Plaintiff has met the superiority element, and certification is proper under 23(b)(3).

## III. CONCLUSION

Based on the foregoing, the Court hereby DENIES Defendant's motion for judgment on the pleadings (Doc.31) and GRANTS Plaintiffs' Motion for Collective Certification and Class Certification (Doc.26). Additionally, Defendant recently filed a motion for oral argument (Doc. 45). The Court did not find such oral argument necessary, therefore, that motion is DENIED as MOOT.

The Court certifies the following classes:

For Collective Class Certification: "All technicians who have worked for JBM, Inc. between September 22, 2005 and the date of final judgment in this matter in a non-supervisory capacity."

For Rule 23 Class Certification: "All technicians who have worked for JBM, Inc. in Ohio between September 22, 2005 and the date of final judgment in this matter in a non-supervisory capacity."

The Court appoints Dan Getman as class counsel and directs the Defendant to produce to the Plaintiffs the names and addresses of any and all putative class and collective action members within 30 days of this Order. The Court also approves the Notices (Exh. C and D) attached to Plaintiffs' motion provided the following changes are made: (1) In the "Important Notice of Collective Action Overtime Pay Lawsuit" (Exh. C) at page two, in the box, it currently states, "If you fail to deliver the consent to sue form, you will still be a member of the state law class." This is not accurate as only those who performed work in Ohio would still be a member of the state law class. Thus, Counsel is directed to correct this misstatement; (2) In the "Important Notice of Class and Collective Action Overtime Pay Lawsuit" (Exh. D) at page five, in the box titled "Your Options in this Notice," the Court finds the information in this box to be confusing and directs that it be rewritten as follows:

| | |
|---|---|
| To be included in the lawsuit for claims under federal law | You must fill out the consent to sue form and return it by fax or regular mail to the lawyers within 60 days. If you do not return the consent to sue form you will be excluded from the lawsuit for claims under federal law. |
| To be included in the lawsuit for claims under state law | Do nothing. You will automatically be included in the lawsuit for claims under state law unless you specifically request to be excluded (see below). |
| To request to be excluded from lawsuit for claims under state law | Make a "Request for Exclusion" to the lawyers by fax or mail within 60 days. |

In addition, the Consent to Sue form was not included in Plaintiffs' pleadings. Therefore, such notices shall not be mailed until

the Court approves the changes ordered above and the Court sees and approves the Consent to Sue form.

**IT IS SO ORDERED.**