RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 17a0160p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

BARBARA JACKSON, individually and on behalf of all others similarly situated,

  *Plaintiff-Appellant,*

    *v.*

PROFESSIONAL RADIOLOGY INC.; M.D. BUSINESS SOLUTIONS, INC.; CONTROLLED CREDIT CORPORATION,

  Defendants-Appellees.

┐
│
│
│  No. 16-4171
│
│
┘

───────────────

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 1:15-cv-00587—Michael R. Barrett, District Judge.

Argued: April 27, 2017

Decided and Filed: July 21, 2017

Before: GUY, SILER, and DONALD, Circuit Judges.

───────────────

**COUNSEL**

**ARGUED:** C. David Ewing, EWING & WILLIS, PLLC, Louisville, Kentucky, for Appellant. H. Toby Schisler, DINSMORE & SHOHL, LLP, Cincinnati, Ohio, for Appellees Professional Radiology and M.D. Business Solutions. David B. Shaver, SURDYK, DOWD & TURNER CO., L.P.A., Dayton, Ohio, for Appellee Controlled Credit. **ON BRIEF:** C. David Ewing, EWING & WILLIS, PLLC, Louisville, Kentucky, Gary F. Franke, Michael D. O'Neill, GARY F. FRANKE CO. LPA, Cincinnati, Ohio, for Appellant. H. Toby Schisler, Jason R. Goldschmidt, DINSMORE & SHOHL, LLP, Cincinnati, Ohio, for Appellees Professional Radiology and M.D. Business Solutions. David B. Shaver, Jeffrey C. Turner, SURDYK, DOWD & TURNER CO., L.P.A., Dayton, Ohio, for Appellee Controlled Credit.

---

**OPINION**

---

BERNICE BOUIE DONALD, Circuit Judge.  The primary question on appeal is whether the appellees' collection of medical bills from the appellant was conduct prohibited by Ohio Revised Code § 1751.60.  Because Controlled Credit Corporation ("CCC") is not subject to Ohio Rev. Code § 1751.60, we **AFFIRM** the district court's grant of a judgment on the pleadings. Because Professional Radiology, Inc. ("PRI") and M.D. Business Solutions, Inc. ("MDB")'s collection efforts sought payment directly from the appellant, there was a violation of Ohio Rev. Code § 1751.60 and we **REVERSE** the district court's grant of PRI's and MDB's motion to dismiss.

## I.     Factual History

On April 7, 2014, Barbara Jackson ("Jackson") was injured in an automobile accident and taken by ambulance to University Hospital West Chester ("University Hospital).  Jackson informed University Hospital that she had health insurance coverage through United Healthcare, a health insurance corporation.  While at University Hospital, Jackson received treatment from PRI.  PRI uses "MDB" to provide billing services.  PRI did not submit treatment charges to United Healthcare.  MDB instead sent a letter to Jackson seeking a payment of $1,066 for the balance of her account for services provided by PRI and requesting that Jackson's attorney sign a letter of protection against any settlement of judgment that would prevent Jackson's account from being sent to collections.  This letter was followed by two similar letters.

When Jackson did not make a payment, her account was turned over to CCC, which sent a letter to Jackson requesting payment of the balance of $1,066.  Jackson advised CCC that she was represented by counsel.  Jackson's attorney eventually negotiated a payment to CCC in the amount of $852 in full and final settlement of the charges for the treatment provided by PRI. However, on June 11, 2015, PRI and/or MDB again contacted Jackson to inform her that she still owed $3.49 on her account.  Jackson paid that amount and then brought a class action against CCC, PRI, and MDB for violation of Ohio Rev. Code § 1751.60(A).

The class action alleged that Ohio Rev. Code § 1751.60(A) prohibits directly billing patients who have health insurance for medical treatment when the healthcare provider has a contract with the patient's health insurer to accept the health insurance. Jackson brought the following claims on behalf of the class: (1) breach of contract, (2) breach of third-party beneficiary contract, (3) violation of the Ohio Consumer Sales Practices Act, (4) violation of the Fair Debt Collection Practices Act, (5) fraud, (6) conversion, (7) unjust enrichment, and (8) punitive damages. CCC moved for judgment on the pleadings under Federal Rules of Civil Procedure 12(c) and PRI and MDB moved to dismiss for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6). The district court granted both motions, and Jackson filed this appeal.

## II.     Jackson's Claims Against CCC

We review de novo a judgment on the pleadings granted pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, using the same standard as applies to a review of a motion to dismiss under Rule 12(b)(6). *Rogers Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 389 (6th Cir. 2007). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973). But we "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). A Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991).

Jackson contends that CCC is subject to Ohio Rev. Code § 1751.60. Ohio Rev. Code § 1751.60(A) provides:

> [E]very provider or health care facility that contracts with a health insuring corporation to provide health care services to the health insuring corporation's enrollees or subscribers shall seek compensation for covered services solely from the health insuring corporation and not, under any circumstances, from the enrollees or subscribers, except for approved copayments and deductibles.

Based on this plain language, in order for CCC to be bound by the requirements of Ohio Rev. Code § 1751.60, it must be a "provider" or a "health care facility" that "contracts with a health insuring corporation." CCC is neither.

As defined in Ohio Rev. Code § 1751.01(Y) a "provider" is "any natural person or partnership of natural persons who are licensed, certified, accredited, or otherwise authorized in this state to furnish health care services, or any professional association organized under Chapter 1785." CCC is an Ohio corporation that provides collection services. CCC does not furnish any healthcare services and is not a professional association organized under Chapter 1785.[1] Therefore, CCC is not a "provider" subject to Ohio Rev. Code § 1751.60.

As defined in Ohio Rev. Code § 1751.01(L) a "health care facility" is "any facility, except a health care practitioner's office, that provides preventive, diagnostic, therapeutic, acute convalescent, rehabilitation, mental health, intellectual disability, intermediate care, or skilled nursing services." Again, CCC is a collection agency and does not provide any type of healthcare services. Therefore, CCC is not a "health care facility" subject to Ohio Rev. Code § 1751.60. Because CCC does not meet the Ohio Revised Code's definition of either a "provider" or "healthcare facility," CCC is not bound by Ohio Rev. Code § 1751.60.

Jackson also contends that CCC sought to collect tort proceeds from an alleged settlement in which she was involved. As a preliminary matter, Jackson never raised these issues in the district court and thus the issues are waived on appeal. *United States v. Nagi,* 947 F.2d 211, 213 (6th Cir. 1991). Even if these issues were properly pled at the district court level, Jackson does not establish that CCC attempted to collect tort proceeds from Jackson. CCC had an account in Jackson's name placed with it for collection by PRI. CCC contacted Jackson about the account, and she advised CCC that she was represented by counsel. Thereafter, Jackson's counsel voluntarily negotiated a settlement of the PRI account for $852.00, less than the balance placed with CCC by PRI. There was no further communication between CCC and Jackson or

---

[1] "Professional association" is defined in Ohio Rev. Code § 1785.01 as "an association organized under this chapter for the sole purpose of rendering one of the professional services," including associations of accountants, architects, attorneys, dentists, nurses, optometrists, pharmacists, physician assistants, physicians, psychologists, engineers, chiropractors, veterinarians, occupational therapists, and counselors/social workers. *See* Ohio Rev. Code § 1785.01(B).

her counsel after the settlement agreement.  None of these actions tie into the "torts proceeds" argument.  Nor has Jackson provided any evidence that CCC knew that Jackson had tort proceeds that she could use to pay her medical bills.

A motion for judgment on the pleadings will be granted only if the moving party is clearly entitled to judgment.  CCC is clearly entitled to judgment.  CCC is a collection agency and does not provide any type of healthcare services and is accordingly not a "health care facility" subject to Ohio Rev. Code § 1751.60.  Therefore, the district court did not err when it granted CCC's motion for judgment on the pleadings.

### III.     Jackson's Claims Against PRI and MDB

We review de novo a district court's decision to grant a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  *Lambert v. Harman*, 517 F.3d 433, 438-39 (6th Cir. 2008).  In reviewing the grant of such a motion, we construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true.  *Id*. at 439.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Jackson contends that PRI and MDB are subject to Ohio Rev. Code § 1751.60.  As previously noted, in order for PRI and MDB to be bound by the requirements of Ohio Rev. Code § 1751.60, they must be a "provider" or a "health care facility" that "contracts with a health insuring corporation."  There is no dispute that PRI and MDB are both healthcare providers and have contracts with Jackson's insurance company, United Healthcare.  The plain language of the statute prohibits PRI and MDB from seeking compensation from the enrollees or subscribers.  In this case, the enrollee or subscriber would be Jackson who has insurance coverage through United Healthcare.

PRI and MDB rely on two state court decisions in support of their claim that they should not be held liable, but neither is applicable under the facts of this case.  In *King v. ProMedica Health System Inc.*, the Supreme Court of Ohio addressed the applicability of Ohio Rev. Code § 1751.60.  955 N.E.2d 348 (Ohio 2011).  Similar to Jackson, the plaintiff in *King* was injured in

an automobile accident. *Id*. at 349. The plaintiff informed the hospital where she was treated that she was covered by health insurance, but instead of billing the health insurance company the hospital billed the plaintiff's automobile insurance. *Id*. The plaintiff brought a class action suit and claimed various state causes of action. *Id*. at 349-50. Each cause of action was based on the claim that the defendants violated Ohio Rev. Code § 1751.60 by billing the automobile insurer instead of the plaintiffs' health insurance company. *Id*. at 350. The Ohio Supreme Court held that Ohio Rev. Code § 1751.60 does not prohibit a provider from seeking compensation for medical treatment rendered to the plaintiff as a result of an automobile accident from the insured's automobile-insurance company. *Id*. The court in *King* explained that "the word 'solely' [in Ohio Rev. Code § 1751.60] is part of a phrase that defines the context of the statute; it means, in this context, to the exclusion of a health-insuring corporation's insured," and does not extend to any other parties. *Id*. at 351. Thus, the Ohio Supreme Court ultimately held that "Ohio Rev. Code 1751.60(A) applies only when a provider seeks payment from a health-insuring corporation's insured with which the provider has entered into a contract." *Id*. This type of action is prohibited by the plain language of Ohio Rev. Code § 1751.60(A).

The Ohio Court of Appeals' decision in *Hayberg v. Robinson Memorial Hospital Foundation*, 995 N.E.2d 888 (Ohio Ct. App. 2013), further analyzed *King* for the application of Ohio Rev. Code 1751.60(A) to automobile insurance. Similar to the plaintiff in *King*, the plaintiff in *Hayberg* was injured in an automobile accident and the hospital where she was treated sought payment from the plaintiff's husband's health insurance. *Id*. at 889. Under the contract the hospital had with the husband's health insurance company, the hospital could only bill the health insurance company for a reduced amount, which the health insurance company paid. *Id*. The hospital later billed and received full payment for the plaintiff's treatment from her husband's automobile insurance. *Id*. Thereafter, the hospital reimbursed the husband's health insurance company for the amount it paid. *Id*.

The plaintiff filed a negligence lawsuit against her husband and the automobile insurance settled for the policy limits. *Id*. at 890. Because the automobile insurance already paid for the plaintiff's medical treatment and bills, her final payment from the automobile company was reduced by the amount paid for the medical treatment and bills. *Id*. The plaintiff thereafter

brought a class action suit against the hospital alleging a violation of Ohio Rev. Code § 1751.60(A). *Id.* The plaintiff claimed that the hospital violated Ohio Rev. Code § 1751.60(A) because the hospital took the full amount of the medical bills from the husband's automobile insurance, as opposed to the reduced amount that the hospital was required under contract to take from the health insurance company. *Id.* at 891-92. Therefore, the plaintiff argued, the hospital reduced the amount she would have received from the automobile insurance settlement, which was tantamount to taking payments directly from the plaintiff. *Id.*

The Ohio Court of Appeals, relying on the *King* decision, disagreed with the plaintiff and found that the hospital's collection efforts were legal under Ohio Rev. Code § 1751.60(A), finding that Ohio Rev. Code § 1751.60(A) "has no application to an automobile insurer *in any respect.* In other words, Ohio Rev. Code [§] 1751.60(A) is not controlling as to the amount which a hospital can seek to recover[] from an insurer other than the health insurer." *Id.* at 893.

However, this case is distinguishable from both *King* and *Hayberg*. Neither of those two cases had a hospital directly billing an insured, as was the case for Jackson. PRI and MDB contend that Ohio Rev. Code § 1751.60(A) merely prohibits the healthcare provider from billing the patient for the difference between the amount it contractually agreed to accept from the health insuring corporation and the full amount of the services provided (i.e. balance billing). However, neither case stands for that proposition. In fact, both cases only deal with billing third party automobile insurance companies.

In this case, PRI and MDB directly billed Jackson for the amount of her medical treatment rather than an automobile insurer. Although Jackson may have received a settlement from an automobile insurer, the plain language of Ohio Rev. Code § 1751.60(A) directly prohibits this type of direct billing. Instead, PRI and MDB could have sought payment from either United Healthcare, under the reduced rate through the contract with the hospital, or from the third party automobile insurance company, which allegedly provided Jackson torts proceeds, for the full sum of medical bills. Nothing in Ohio Rev. Code § 1751.60(A) would allow PRI and MDB to seek payment directly from Jackson.

In reviewing the grant of a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true.  If it is true, as Jackson alleges, that PRI and MDB sought payment directly from her for medical benefits, and did not attempt to collect from her health insurance company, United Healthcare, or a third party automobile insurance company, this is a direct violation of Ohio Rev. Code § 1751.60(A), and PRI and MDB's motion to dismiss should not have been granted.

IV.    Conclusion

Because CCC is not subject to Ohio Rev. Code § 1751.60, we **AFFIRM** the district court's grant of a judgment on the pleadings.  Because PRI and MDB's collection efforts sought payment directly from the appellant, there was a violation of Ohio Rev. Code § 1751.60 and we **REVERSE** the district court's grant of PRI and MDB's motion to dismiss.