**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 19a0234n.06

**No. 18-3785**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
May 01, 2019
DEBORAH S. HUNT, Clerk

NATHANIEL HAKE,

      **Plaintiff-Appellant,**

NATHAN HAKE FARMS, LLC, et al.,

      **Plaintiffs,**

      **v.**

MICHAEL SIMPSON, et al.,

      **Defendants-Appellees.**

**ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO**

---

**BEFORE:** CLAY, GILMAN, and KETHLEDGE, Circuit Judges.

**CLAY, Circuit Judge.** Plaintiff Nathaniel Hake appeals the district court's August 20, 2018 order granting Defendants' respective motions to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Plaintiff's complaint alleges in relevant part that Defendants contravened a bankruptcy stay in violation of his substantive due process rights under the 14th amendment to the United States Constitution. For the reasons set forth below, we **AFFIRM** the district court's order.

## BACKGROUND

### Factual Background

Plaintiff, his wife, and Nathan Hake Farms, LLC obtained mortgages on four properties in Preble County, Ohio. Defendant LCNB Bank was the initial holder of the mortgages. In May 2014,

Plaintiff defaulted on the mortgages, and LCNB Bank initiated foreclosure proceedings in Ohio state court. In December 2014, the state court granted summary judgment in favor of LCNB Bank, and entered a decree of foreclosure.

Over the next three years, Plaintiff, his wife, and Nathan Hake Farms, LLC engaged in numerous abandoned or unsuccessful attempts to avoid the foreclosure. For instance, Plaintiff appealed the state court's grant of summary judgment in the foreclosure proceedings, but his appeal was dismissed for want of prosecution. Plaintiff also moved the state court to vacate its grant of summary judgment in the foreclosure proceedings, but his motion was denied as untimely.

Plaintiff, his wife, and Nathan Hake Farms, LLC also filed at least seven separate petitions for bankruptcy. For instance, Plaintiff first filed a petition for bankruptcy in March 2015. And Plaintiff's wife first filed a petition for bankruptcy in April 2017. Typically, the state court responded to these petitions by temporarily staying the foreclosure proceedings. However, in each instance, the bankruptcy court either lifted the stay or dismissed the petition, allowing the foreclosure proceedings to continue.

Against this backdrop, the three specific pleadings underlying this case can be addressed. First, on October 19, 2017, the state court issued an order stating that, pursuant to its December 2014 decree of foreclosure, Defendant Noble Opportunity Fund II, LP ("Noble")—the new holder of Plaintiff's mortgages—was entitled to possession of crops being grown on Plaintiff's properties. Second, on November 25, 2017, Nathan Hake Farms, LLC filed a petition for bankruptcy. And

third, on November 28, 2017, the state court issued an order stating that Nathan Hake Farms' bankruptcy petition did not stay the order entitling Noble to possession of the crops.[1]

On December 11, 2017, the Preble County Sheriff's Office, through its employees Defendants Michael Simpson, Michael Spitler, Paul Plaugher, and Raymond Hatfield, harvested and sold the crops being grown on Plaintiff's properties.

**Procedural History**

On December 14, 2017, Plaintiff filed a complaint against Defendants in the United States Court for the Southern District of Ohio. Plaintiff's complaint alleges in relevant part that Defendants contravened a bankruptcy stay in violation of his substantive due process rights under the 14th amendment to the United States Constitution. On August 20, 2018, the district court issued an order granting Defendants' respective motions to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), and terminating the case.

This appeal followed.

**DISCUSSION**

**I.      Standard of Review**

We review *de novo* both a district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and a district court's grant of judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *Jackson v. Prof'l Radiology Inc.*, 864 F.3d 463, 465–66 (6th Cir. 2017). In doing so, we construe the record in the light most favorable to the non-moving

---

[1] The court reasoned, pursuant to 11 U.S.C. § 1201, (1) that Plaintiff was a co-debtor rather than the bankrupt debtor because Nathan Hake Farms, LLC filed the bankruptcy petition, (2) that a co-debtor stay exists only if the action sought to be stayed is an action to collect a consumer debt, and (3) that Nathan Hake Farms' debt was not a consumer debt. The bankruptcy court subsequently reached the same conclusion, stating, in its dismissal of the bankruptcy petition, that no co-debtor stay under 11 U.S.C. § 1201 existed to stay any actions taken by Noble in the state foreclosure case.

party and accept all well-pled factual allegations as true. *Engler v. Arnold*, 862 F.3d 571, 574–75 (6th Cir. 2017); *Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013). To survive either motion, the complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Machisa v. Columbus City Bd. of Educ.*, 563 F. App'x 458, 461 (6th Cir. 2014).

## II.  Analysis

Plaintiff's complaint alleges in relevant part that Defendants contravened a bankruptcy stay in violation of his substantive due process rights under the 14th amendment to the United States Constitution.[2] The district court dismissed Plaintiff's substantive due process claim on the grounds that the claim was barred by the *Rooker-Feldman* doctrine, and, alternatively, by the doctrine of res judicata. On appeal, Plaintiff argues that neither doctrine is applicable. We hold that the *Rooker-Feldman* doctrine prevents the district court from exercising subject matter jurisdiction over Plaintiff's substantive due process claim, and as a result, we need not address the applicability of the doctrine of res judicata.

*Rooker-Feldman* "precludes federal district courts from hearing 'cases brought by state-court losers complaining of injuries caused by state-court judgments.'" *Brent v. Wayne Cty. Dep't of Human Servs.*, 901 F.3d 656, 674 (6th Cir. 2018) (quotation omitted). "We determine 'whether *Rooker-Feldman* bars a claim by looking to the source of the injury the plaintiff alleges in the federal complaint.'" *Berry v. Schmidt*, 688 F.3d 290, 299 (6th Cir. 2012) (quotation omitted). *Rooker-Feldman* bars a claim "only when a plaintiff complains of injury from the state court

---

[2] Plaintiff's complaint also alleges Ohio state law claims for conversion, trespass, fraud, and civil conspiracy. However, Plaintiff did not adduce any argument regarding those claims in his opening brief. In his reply brief, Plaintiff both asserts that the district court did not dismiss those claims, and summarily argues that those claims were properly plead. Yet the district court dismissed Plaintiff's complaint in its entirety, and an appellant forfeits any arguments not raised in its opening brief. *Creek Coal Co. v. Wilkerson*, 910 F.3d 254, 256 (6th Cir.2018). Thus, the only claim at issue in this appeal is Plaintiff's substantive due process claim.

judgment itself." *Abbott v. Michigan*, 474 F.3d 324, 328 (6th Cir. 2007) (quotation omitted). In contrast, "where a plaintiff does not seek 'redress for an injury allegedly caused by the *state court decision* itself,' but instead 'seeks redress for an injury allegedly caused by the *defendant's actions*,' *Rooker-Feldman* does not apply." *Brent*, 901 F.3d at 674. Thus, *Rooker-Feldman* "occupies 'narrow ground.'" *Id.* (quotation omitted). However, one "exception to this rule of thumb" is that "if a third party's actions are the product of a state court judgment, then a plaintiff's challenge to those actions [is] in fact a challenge to the judgment itself." *Abbott*, 474 F.3d at 329 (quotation omitted) (alteration in original); *see also McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006).

This case falls within that exception. Plaintiff's complaint alleges that Defendants violated his substantive due process rights "by foreclosing upon and physically removing [his] property . . . in defiance of a stay issued by the Bankruptcy Court." (RE 1, Complaint, PageID # 10.) Accordingly, Plaintiff appears to seek redress for an injury allegedly caused by Defendants' actions. *Brent*, 901 F.3d at 674. However, the state court, in its October 19, 2017 and November 28, 2017 orders, directed the Preble County Sheriff's Office to harvest and sell the crops being grown on Plaintiff's properties. Thus, Defendants' actions—foreclosing upon and physically removing the crops—were the product of a state court judgment, and Plaintiff in fact impermissibly seeks redress for the state court judgment itself. *See Abbott*, 474 F.3d at 329 (holding that *Rooker-Feldman* barred claims regarding the conversion of prisoners' pension benefits because the conversion was the "direct and immediate product[]" of a state court order directing the defendants to take possession of the pension benefits); *McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006) (explaining that *Rooker-Feldman* would bar claims regarding the refusal to count certain absentee ballots in a county election where the refusal was the "product" of a state court order

declaring the ballots invalid). Accordingly, the *Rooker-Feldman* doctrine prevents the district court from exercising subject matter jurisdiction over Plaintiff's substantive due process claim.[3]

## CONCLUSION

For the reasons set forth above, we **AFFIRM** the district court's order.

---

[3] Because Plaintiff's case is barred by the *Rooker-Feldman* doctrine, we decline to address the issue of whether Plaintiff has properly stated a substantive due process claim.