HATCH v. MUSKEGON COUNTY SUPERVISORS.

1. HIGHWAYS AND STREETS—COUNTIES—COUNTY ROAD COMMISSION.
   The board of county road commissioners is the agency through which the county's activities relative to highways are carried on (1 Comp. Laws 1929, § 3994).

2. SAME—TOWNSHIPS—LIGHTING TOWNSHIP ROADS.
   1 Comp. Laws 1929, § 2415, authorizing township boards to provide for artificially lighting highways, has reference to township highways only, and not to county highways.

3. SAME—TAXATION—LIGHTING COUNTY ROADS.
   Appropriate action by the county road commission and the board of supervisors to raise money by taxation for the purpose of artificially lighting county roads in certain congested and dangerous localities is within the scope of the statutory duty imposed upon them to keep county roads "in condition reasonably safe and fit for public travel" (Const., Art. 8, § 26; 1 Comp. Laws 1929, § 3995), and therefore the levy of taxes for said purpose is legal.

Certiorari to Muskegon; Vanderwerp (John), J. Submitted April 2, 1931. (Calendar No. 35,302.) Decided June 1, 1931.

Mandamus by the Board of Supervisors of Muskegon county to compel Burt P. Hatch, assessor of the City of Muskegon, and others to spread certain tax items for street lighting. Judgment for plaintiff. Defendants review by certiorari. Affirmed.

*Edward C. Farmer,* for appellant Hatch.

*William J. Balgooyen,* for appellant Seng.

*Irving J. Dodge,* for appellant Van Oort.

*John A. McLaughlin (Gordon F. Van Eenenaam,* of counsel), for appellee.

NORTH, J. The board of supervisors of Muskegon county at its October, 1929, meeting determined that in the $190,000 to be raised by taxation for county road purposes there should be included $10,000 to be used for lighting the county highways, and in the $386,106.86 to be raised for county purposes there should be included $705 for street lighting. These tax items were apportioned among the cities and townships of the county. Two of the appellants, as assessing officers, refused to spread their portion of the $10,000 item upon their rolls, and the remaining appellant refused to spread upon the assessment roll of his city the apportioned share of either of these items. Upon petition of the board of supervisors the circuit judge granted mandamus to compel the spreading of these respective tax items. From this adjudication the appellants have brought the matter to this court for review on certiorari.

Appellants' refusal to spread these items on their respective assessment rolls is based upon the claim that the county was not authorized to levy taxes of this character, i. e., that such a tax was illegal. We think appellants' contention cannot be sustained. Section 26, art. 8, of the Michigan Constitution provides:

"The legislature may also by general law prescribe the powers and duties of boards of supervisors in relation to highways, bridges and culverts."

The board of county road commissioners is the agency through which the county's activities relative to highways are carried on. 1 Comp. Laws 1929, § 3994, provides that:

"Said board of county road commissioners shall have authority to grade, drain, construct, gravel, shale or macadamize any road under its control, or to place thereon any form of improvement which in its judgment may be best, * * * it shall have authority * * * to repair and maintain the said roads, * * * The commissioners shall have all the authority in respect to such roads, bridges and culverts which is vested in the highway officers in townships."

It is further provided in 1 Comp. Laws 1929, § 3995, that:

"It shall be the duty of the board of supervisors to raise a sufficient tax to keep any county roads or bridges already built in reasonable repair and in condition reasonably safe and fit for public travel. After the said board of supervisors shall have decided upon the amount of tax to be raised, the said board shall thereupon apportion such tax between the several townships and cities of said county according to their equalized valuation. The super-

visors or other assessing officers in such townships and cities shall levy and apportion the taxes so apportioned as provided in this section, to their respective townships and cities respectively, upon which the county taxes are assessed.''

In behalf of appellants it is pointed out that 1 Comp. Laws 1929, § 2415, authorizes township boards to provide for artificially lighting highways; but we think that this act provides for lighting township highways only, not county highways. This is clearly indicated by the title which reads: ''An act to authorize township boards to provide for the lighting of *township* highways,'' etc. It appears from this record that the tax items in question were included in the budget of the Muskegon county road commission as approved by the board of supervisors; and that these funds were to be used solely for lighting county roads in congested and dangerous localities. It was a precautionary or safety measure. Clearly such action on the part of the county road commission and the board of supervisors was within the scope of the statutory duty imposed upon them to keep the county roads ''in condition reasonably safe and fit for public travel.'' The taxes appropriated for that purpose were in compliance with the statute, and appellants should have spread them upon the tax rolls of their respective districts. The order of the circuit judge granting mandamus is affirmed. This being a matter of public concern, no costs will be awarded.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.