NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0017n.06

Case No. 20-1678

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| TERRY LEE HOUTHOOFD, I; WENDY HOUTHOOFD; AARON MALLAIS; and TERRA MALLAIS, | ) ) ) ) | **FILED** Jan 08, 2021 DEBORAH S. HUNT, Clerk |
| Plaintiffs - Appellants, | ) ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED |
| TUSCOLA COUNTY, MICHIGAN ROAD COMMISSION; JACK LAURIE; GARY PARSELL; DAVID KENNARD; JULIE MATUSZAK; and DUANE WEBER, | ) ) ) ) ) | STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| Defendants - Appellees. | ) ) ) | |

BEFORE: SILER, GIBBONS, and KETHLEDGE, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. Terry and Wendy Houthoofd have long feuded with the Tuscola County, Michigan Road Commission. In this latest dispute, the Houthoofds, as well as their daughter and son-in-law, the Mallaises, sued the Road Commission and the individual commissioners for a planned road improvement project that would widen a turn abutting the plaintiffs' properties. The district court granted the defendants' motion for judgment on the pleadings and summary judgment. Because there is no genuine dispute of fact, we affirm the district court.

I.

In the County of Tuscola, Michigan, Oakhurst Park Drive (running west to east) curves into Garner Road (running north to south). The Houthoofds own property on the outside of the

curve between Oakhurst Park Drive and Garner Road, and the Mallaises own property on the inside of the curve.

In 2000, the Houthoofds sued the Road Commission, among other defendants, over whether Garner Road provided public access to the lakeshore to the north of the Oakhurst Park Drive/Garner Road intersection. That dispute was resolved in 2004 by entry of a consent judgment which provided that the Road Commission could not "expand Garner Road, as it is presently maintained, onto Plaintiffs' above-described property in any fashion."

The current dispute arises out of the Road Commission's plans for improvements to allow year-round maintenance to Oakhurst Park Drive and Garner Road. During the planning process, the Road Commission realized that the intersection of Oakhurst Park Drive and Garner Road was too narrow to accommodate maintenance vehicles and would need to be widened slightly. The Road Commission hired Spicer Engineering to determine how much the curve would need to be widened. The company's surveys and report state that the proposed expansion to the curve would not violate the 2004 Consent Agreement, as the expansion is only to the inner portion of the curve, which is not on the Houthoofds' property. Wisner Township submitted a work request to proceed with the improvements.

In response, the plaintiffs sued the Road Commission and each of the individual commissioners on numerous claims: a taking in violation of the Fifth and Fourteenth Amendments, an illegal seizure under the Fourth Amendment, violations of the Michigan state constitution protecting against government takings and seizures, gross negligence, intentional infliction of emotional distress, trespass, and slander of title. The plaintiffs also sought a declaratory judgment that they hold record title to their properties. The defendants filed a motion pursuant to Rule 12(c) for judgment on the pleadings seeking to dismiss the plaintiffs' intentional tort claims due to

governmental immunity and failure to state a claim. DE 37, Op. and Order, Page ID 612 (construing motion as one under Rule 12(c)). The plaintiffs moved for partial summary judgment, and the defendants subsequently moved for summary judgment as well.

The district court granted the defendants' Rule 12(c) motion on the plaintiffs' intentional tort claims against both the Road Commission and the individual commissioners. The district court denied the plaintiffs' motion for partial summary judgment because they failed to identify the claims on which they were seeking summary judgment. The district court granted the defendants' motion for summary judgment on the remaining state and federal constitutional claims, along with the plaintiffs' request for declaratory relief. The plaintiffs timely appealed.[1]

## II.

"We review de novo a judgment on the pleadings granted pursuant to Rule 12(c)," using the same standard applicable to "review of a motion to dismiss under Rule 12(b)(6)." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973). However, "we need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. State of Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). A Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946

---

[1] The plaintiffs do not appear to contest the district court's denial of their motion for partial summary judgment. *See* CA6 R. 18, Appellants' Br., at 7 (listing only two issues on appeal as whether the district court properly granted the defendants' Rule 12(c) and Rule 56 motions).

F.2d 1233, 1235 (6th Cir. 1991) (citing *Gen. Cinema Corp. v. Buena Vista Distrib. Co.*, 681 F.2d 594, 597 (9th Cir. 1982)).

The district court granted the defendants' Rule 12(c) motion on the plaintiffs' three intentional tort claims against both the Road Commission and the individual commissioners: intentional infliction of emotional distress, trespass, and slander of title. Michigan law provides that government agencies like the Road Commission are immune from tort liability when engaged in governmental functions. M.C.L. § 691.1407(1); *Stanton v. City of Battle Creek*, 647 N.W.2d 508, 510 (Mich. 2002). "The presumption is, therefore, that a governmental agency is immune and can only be subject to suit if a plaintiff's case falls within a statutory exception."[2] *Mack v. City of Detroit*, 649 N.W.2d 47, 56 (Mich. 2002) (emphasis omitted). The "plaintiff must plead her case in avoidance of immunity" by demonstrating that her "case falls within one of the exceptions." *Id*. at 50, 56. The plaintiffs here failed to plead any exceptions to tort immunity, so the district court correctly held that the Road Commission is entitled to judgment as a matter of law on the intentional tort claims.

Likewise, "the elective or highest appointive executive official[s] of all levels of government are immune from tort liability" if they are "acting within the scope of [their] judicial, legislative, or executive authority." M.C.L. § 691.1407(5); *Odom v. Wayne Cnty.*, 760 N.W.2d 217, 221–22 (Mich. 2008). Each of the individually named defendants are commissioners, which are the highest elected or appointed positions of the Road Commission. *See* M.C.L. § 224.6. Decisions about road improvements are clearly within the scope of commissioners' authority.

---

[2] "The five statutory exceptions to governmental immunity are the 'highway exception,' M.C.L. § 691.1402, the 'motor vehicle exception,' M.C.L. § 691.1405, the 'public building exception,' M.C.L. § 691.1406, the 'proprietary function exception,' M.C.L. § 691.1413, and the 'governmental hospital exception,' M.C.L. § 691.1407(4)." *Mack*, 649 N.W.2d at 52 n.8.

M.C.L. § 224.11; *see also Hatch v. Bd. of Sup'rs of Muskegon Cnty.*, 236 N.W. 777, 777 (Mich. 1931).

The only argument that the plaintiffs made as to immunity was that "governmental immunity does not extend to contract actions." CA6 R. 18, Appellants' Br., at 25. But the plaintiffs did not file a breach of contract action against the individual commissioners; they pled intentional torts. The plaintiffs also attempt to incorporate by reference their briefings in the district court on the immunity issues, which violates the Federal Rules of Appellate Procedure. Fed. R. App. P. 28(a)(9); *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 452 (6th Cir. 2003) (noting that parties may not incorporate by reference "arguments made at various stages of the proceeding in the district court"). The plaintiffs did not argue in their opening brief that the individual commissioners acted outside the scope of their authority, so the district court properly granted the defendants' motion for judgment on the pleadings.[3] We therefore affirm the district court's dismissal of the plaintiffs' intentional tort claims under Rule 12(c).

### III.

We now turn to the plaintiffs' constitutional claims, claim for declaratory relief, and claim of gross negligence, on which the district court granted the defendants summary judgment under Rule 56. Because the plaintiffs failed to demonstrate any genuine dispute of material fact, we affirm.

---

[3] Although the plaintiffs argue in their reply brief that the individual commissioners acted outside the scope of their authority, "an appellant abandons all issues not raised and argued in its initial brief on appeal." *Bard v. Brown Cnty., Ohio*, 970 F.3d 738, 751 (6th Cir. 2020) (quoting *United States v. Johnson*, 440 F.3d 832, 845–46 (6th Cir. 2006)). But even if the plaintiffs had included this argument in their opening brief, they rely on only generalized statements about how the defendants violated their "constitutional rights," without citing to relevant case law. "[W]hen parties present such undeveloped points, we 'routinely decline to consider' them." *ECIMOS, LLC v. Nortek Glob. HVAC, LLC*, 736 F. App'x 577, 585 (6th Cir. 2018) (quoting *Brenay v. Schartow*, 709 F. App'x. 331, 336 (6th Cir. 2017)).

We review the district court's grant of summary judgment de novo. *Smith v. Perkins Bd. of Educ.*, 708 F.3d 821, 825 (6th Cir. 2013). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[W]e view the factual evidence in the light most favorable to the nonmoving party, and draw all reasonable inferences in that party's favor." *Slusher v. Carson*, 540 F.3d 449, 453 (6th Cir. 2008).

The plaintiffs present only one argument on appeal: that the district court failed to view the evidence in the light most favorable to them.[4] For the reasons discussed below, the district court properly viewed the evidence in the light most favorable to the plaintiffs. Thus, summary judgment on the remaining counts was proper.

*Fourth Amendment*. The Fourth Amendment plainly does not apply to these claims. While property may be "searched" in violation of the Fourth Amendment, it cannot be "seized," and the plaintiffs alleged only seizure. *See, e.g.*, *Terry v. Ohio*, 392 U.S. 1, 20 n.16 (1968) ("Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred."). In any event, there is no genuine dispute of material fact. The district court correctly dismissed the plaintiffs' Fourth Amendment claim because there was "no evidence that any search or seizure occurred" on the plaintiffs'

---

[4] While the plaintiffs may have intended other grounds for reversal, they do not specifically discuss the claims that the district court dismissed (Fifth and Fourteenth Amendment taking, Fourth Amendment seizure, violations of the Michigan constitution, declaratory judgment, and gross negligence). Nor do they cite any case law that would support any of those claims. They say only that Michigan has "long recognized that a land owner should have free and exclusive enjoyment of his property," CA6 R. 18, Appellants' Br., at 23 (citing *Beulah Hoagland Appleton Qualified Pers. Residence Tr. v. Emmet Cnty. Rd. Comm'n*, 600 N.W.2d 698 (Mich. Ct. App. 1999), and the "right to exclude" others is an essential property right, *id*. (quoting *Nollan v. Cal. Coastal Comm'n*, 483 U.S. 825, 831−32 (1987)). *Beulah*, as a quiet title case, is not relevant to any of the plaintiffs' claims. And while *Nollan* is a takings case, the plaintiffs fail to explain how it supports their claims. The plaintiffs also fail to present any facts that suggest that the Road Commission has violated their right to exclude. "It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *United States v. Sandridge*, 385 F.3d 1032, 1035–36 (6th Cir. 2004) (quoting *Popovich v. Cuyahoga Cnty. Ct. of Common Pleas*, 276 F.3d 808, 823 (6th Cir. 2002) (Ryan, J., concurring in part and dissenting in part)).

property while the Road Commission conducted its survey, nor was there any evidence that "it was completed at Plaintiffs' expense." DE 37, Op. and Order, Page ID 623. Likewise, there was "no evidence of any trees being removed from the property" by the defendants. *Id*. The only evidence that the defendants removed any trees from the plaintiffs' property are two grainy black and white photographs of trees on a gravel road. But these photographs provide no evidence that any limbs were removed, let alone removed by the defendants. The plaintiffs retort that had his deposition not been canceled, Terry Houthoofd would have testified that he had witnessed one of the commissioners cutting limbs off the trees. But as there is no such deposition in the record, summary judgment was proper.

*Fifth and Fourteenth Amendments*. The district court concluded that "there is no evidence that Defendants have taken any of Plaintiffs' property." DE 37, Op. and Order, Page ID 624. The defendants furnished a survey showing the scope of the planned project. As the district court noted, a very small portion of the proposed road expansion extended outside of the bounds of Garner Road described in the consent agreement onto the Houthoofds' property. The district court further noted that the consent decree prevented the defendants from extending the road onto the Houthoofds' property. The defendants agreed that their survey showed a slight encroachment and stated that they "plan[ned] to modify the project to a very slight degree to avoid this slight intrusion." CA6 R. 19, Appellees' Br., at 33 n.7. There is no other evidence that the road expansion interferes with the plaintiffs' property rights. The Mallaises own lots 115 and 116, but the planned expansion of the curve from Garner Road to Oakhurst Park Drive does not extend over either of those lots. *See* DE 32-7, Survey, Page ID 490 (showing encroachment over lots 117, 118, and 119, which the plaintiffs do not own).

The plaintiffs argue that the survey shows that the Road Commission has already improperly expanded Garner Road on their land. But the plaintiffs have not provided evidence to support that assertion. The photographs that the plaintiffs present do not show property boundaries, nor do they indicate when they were taken. With no genuine dispute of fact, the district court properly granted summary judgment on this claim.

*Michigan constitutional claims*. The Michigan constitution likewise prohibits unreasonable seizures or the taking of private property. MI CONST. art. 1, §§ 11, 17. For the reasons discussed above, summary judgment on these claims was proper.

*Declaratory judgment*. The district court granted the defendants' motion for summary judgment on the plaintiffs' request for a declaratory judgment "restoring title" because the plaintiffs "failed to provide any evidence of their record title to their property or where their property line is located." DE 37, Op. and Order, Page ID 629. The district court correctly noted that the only evidence the plaintiffs had submitted regarding their ownership of the property was the consent decree, a hand drawing "indicating the general location of their two properties, and the original platting of the neighborhood which shows where [the] Mallais[es]' property is allegedly located." *Id*. That evidence is "insufficient to establish ownership of the property for a declaratory judgment." *Id*. The plaintiffs do not point to other evidence that establishes their property boundaries sufficient to defeat summary judgment.

*Gross negligence*. As discussed above, government agencies are immune from tort liability unless the plaintiff can demonstrate that one of the statutory exceptions apply. The plaintiffs have not explained which exception applies in this case, so the district court properly granted the Road Commission's motion for summary judgment. And immunity for the highest elected or appointed position of a unit of government is absolute, meaning that as long as the commissioners were acting

Case No. 20-1678, *Houthoofd, et al v. Tuscola Cnty, Mich. Road Comm'n, et al.*

within the scope of their authority, even gross negligence on their part would not be sufficient to waive it. *Odom*, 760 N.W.2d at 221−22; *compare* M.C.L. § 691.1407(2) (granting only qualified immunity to lower-level government employees). The plaintiffs do not argue that the commissioners acted outside the scope of their authority, so any alleged gross negligence is not actionable. The district court properly granted summary judgment on this count.

We therefore affirm the district court's grant of summary judgment to the defendants on the plaintiffs' remaining claims.

IV.

We affirm the decision of the district court granting the defendants' motion for judgment on the pleadings and motion for summary judgment.